UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GONZALEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | Case No.:  23-CV-1611 W (DDL)<br><br>**ORDER GRANTING MOTION TO PROCEED IFP [DOC. 2] AND REFERRING CASE TO THE MAGISTRATE JUDGE FOR A REPORT & RECOMMENDATION** |

On August 31, 2023, Plaintiff Anthony Gonzalez ("Plaintiff") filed a complaint seeking review of the denial of his application for social security disability and supplemental security income disability benefits under the Social Security Act.  Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP") (the "Motion" [Doc. 2]).

I. **INTRODUCTION**

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on

1

1  other grounds, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court
2  to exercise its sound discretion in determining whether the affiant has satisfied the
3  statute's requirement of indigency.").

4      It is well-settled that a party need not be completely destitute to proceed in forma
5  pauperis.  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948).  To
6  satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient
7  which states that one cannot because of his poverty pay or give security for costs ... and
8  still be able to provide himself and dependents with the necessities of life."  <u>Id.</u> at 339.
9  At the same time, however, "the same even-handed care must be employed to assure that
10 federal funds are not squandered to underwrite, at public expense, ... the remonstrances of
11 a suitor who is financially able, in whole or in material part, to pull his own oar."  <u>Temple
12 v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

13     District courts, therefore, tend to reject IFP applications where the applicant can
14 pay the filing fee with acceptable sacrifice to other expenses.  <u>See</u>, <u>e.g.</u>, <u>Stehouwer v.
15 Hennessey</u>, 851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, <u>Olivares
16 v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse
17 discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and
18 $110  per month from family); <u>Allen v. Kelly</u>, 1995 WL 396860 at *2 (N.D. Cal. 1995)
19 (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120
20 filing fee out of $900 settlement proceeds); <u>Ali v. Cuyler</u>, 547 F.Supp. 129, 130 (E.D. Pa.
21 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the
22 magistrate correctly determined that this amount was more than sufficient to allow the
23 plaintiff to pay the filing fee in this action.").  Moreover, the facts as to the affiant's
24 poverty must be stated "with some particularity, definiteness, and certainty." <u>United
25 States v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981).

26     Having read and considered the papers submitted, the Court finds that based on the
27 current record, Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915.
28 According to his declaration (attached to the Motion), Plaintiff's total monthly income is

$2,200, which is derived entirely from his spouse's employment. (*Mot.* ¶ 1.) Neither Plaintiff nor his wife have any other sources of income and Plaintiff has not been employed for at least two years. (*Id.* ¶¶ 1, 2.) His checking account has less than $50, and their only asset is a 2017 automobile, which Plaintiff is still paying off. (*Id.* ¶ 8.) Meanwhile, Plaintiff and his spouse's monthly expenses for rent, utilities, food, clothing, medical expenses, etc., exceed $2,200. (*Id.* ¶ 8.) Based on these facts, the Court will grant Plaintiff's IFP motion.

## II.   CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's IFP Motion [Doc. 2]. Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge David D. Leshner for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c ).

If the parties seek to file motions, they shall contact the chambers of Judge Leshner to secure scheduling, filing, and hearing dates.

**IT IS SO ORDERED.**

Dated:  September 27, 2023

Hon. Thomas J. Whelan
United States District Judge